Case 1:03-cv-00002-DLH-CSM   Document 65   Filed 03/27/07   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Virgil Wilkinson, Charles Wilkinson, Alva Rose Hall, Wilbur D. Wilkinson, for themselves and as heirs of Ernest Wilkinson, Mollie Wilkinson, Harry Wilkinson, and Virginia Wilkinson, | ) ) ) ) ) ) | **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY** |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:03-cv-002 |
| United States of America, | ) ) | |
| Defendant. | ) | |

_____

## I.     BACKGROUND

The plaintiffs allege that they held current or prospective possessory interests in allotted Indian Trust Land.  The plaintiffs also alleged that Bureau of Indian Affairs (BIA) officers improperly leased the allotted land without legal authority and diverted a portion of the income from the unauthorized leases to the Farm Service Administration (FSA), a mortgage creditor.  The plaintiffs have presented claims for damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), based on conversion and trespass.  They have also arguably presented claims against several federal employees under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging procedural and substantive due process violations under the Fifth Amendment of the United States Constitution.

On April 14, 2004, the Court dismissed all claims on jurisdictional grounds and found that the plaintiffs lacked standing.  Wilkinson v. United States, 314 F. Supp. 2d 902 (D.N.D. 2004).  On appeal, the Eighth Circuit Court of Appeals concluded upon de novo review that the plaintiffs had

standing. The case was reversed and remanded for consideration of the claims on the merits. Wilkinson v. United States, 440 F.3d 970 (8th Cir. 2006).

On February 21, 2007, the plaintiffs filed a Motion for Partial Summary Judgment on the issue of liability. See Docket No. 54. The plaintiffs rely solely on selected language contained in a footnote to the appellate decision wherein the Eighth Circuit noted that "the Interior Board's finding that the seizure and initial leases were wrongful and without legal authority is settled." Wilkinson v. United States, 440 F.3d 970, 976 n.6 (8th Cir. 2006). However, the Eighth Circuit noted in the same footnote that, "It does not follow, however, that the Interior Board's order foreclosed the BIA from exercising control over the land at some point...." Id.

**LEGAL DISCUSSION**

In Wilkinson v. United States, 440 F.3d 970 (8th Cir. 2006), the Eighth Circuit held that the heirs of enrolled members of the Three Affiliated Tribes of the Fort Berthold Reservation in North Dakota had standing to sue the Bureau of Indian Affairs over the alleged deprivation of rental income derived from trust land mortgaged by their parents. The Eighth Circuit noted that the unappealed decision from the Interior Board made it expressly clear that the BIA had acted without lawful authority. However, it does not automatically follow that the defendants committed the tort of conversion or trespass. Neither the Interior Board nor the Eighth Circuit Court of Appeals addressed such claims. In the response to Plaintiffs' Motion for Partial Summary Judgment, the defendants state that they intend to show that some of the leases were legal and further that there has been no proof submitted to demonstrate that either a conversion or a trespass occurred. The language contained in a footnote to the appellate decision does not support a finding that the

plaintiffs are entitled to partial summary judgment on liability.  As a result, the Plaintiffs' Motion for Partial Summary Judgment is **DENIED**.

> **IT IS SO ORDERED.**
>
> Dated this 27th day of March, 2007.

>                              */s/ Daniel L. Hovland*
>                              Daniel L. Hovland, Chief Judge
>                              United States District Court