**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Virgil Wilkinson, Charles Wilkinson, Alva Rose Hall, Wilbur D. Wilkinson, for themselves and as heirs of Ernest Wilkinson, Mollie Wilkinson, Harry Wilkinson, and Virginia Wilkinson, | ) ) ) ) ) ) | **ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 1:03-cv-002 |
| United States of America, | ) ) | |
| Defendant. | ) | |

Before the Court is the Defendant's Motion for Partial Summary Judgment filed on February 23, 2007. The Defendant asserts that by virtue of judicial admissions, the Plaintiffs have conceded their Bivens claims against the individually-named defendants. The Plaintiffs contends that the Defendant has misrepresented the facts, that they have not conceded their Bivens claims, and that the BIA employees are not entitled to invoke qualified immunity.

A review of the Plaintiffs' complaint reveals confusion over whether the Plaintiffs intended to sue the individual defendants in either their official or individual capacities. See Docket No. 1. In the complaint, the Plaintiffs assert that all of the individually named defendants' "actions and omissions were part of [their] official duties." See Docket No. 1, ¶¶ 13, 14, 15, & 16. Thus, it is unclear whether a Bivens claim was properly pled at the initial stage of the litigation.

Any confusion was dispelled by the Plaintiffs in a response to a previous summary judgment motion, in which the Plaintiffs asserted that the lawsuit was "not against defendants as individuals." See Docket No. 58. It is well-established that a Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity

for violations of constitutionally protected rights. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (emphasis added).

In addition, on February 6, 2004, the Defendant filed a "Certification of Scope of Employment." See Docket No. 20. The Plaintiffs did not object to the certification, and on April 13, 2004, the Court ordered that the United States be substituted as the named Defendant. See Docket No. 31. On appeal, the Eighth Circuit Court of Appeals noted: "Because the plaintiffs only sued the defendants in their official capacities, the district court substituted the United States as the defendant pursuant to 28 U.S.C. § 2679(d)(2)." See Wilkinson v. United States, 440 F.3d 970, 974 (8th Cir. 2006).

The Court finds that the Plaintiffs have abandoned any Bivens claims which may have been pending. The Court **GRANTS** the Defendant's Motion for Partial Summary Judgment. (Docket No. 57). The only remaining claims are based on conversion and trespass under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). These are claims that will be tried to the Court rather than a jury. See 28 U.S.C. §2402.

**IT IS SO ORDERED.**

Dated this 28th day of March, 2007.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court