IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Virgil Wilkinson, Charles )<br>Wilkinson, Alva Rose Hall, )<br>Wilbur D. Wilkinson, )<br>for themselves and as heirs of )<br>Ernest Wilkinson, Mollie )<br>Wilkinson, Harry Wilkinson, and )<br>Virginia Wilkinson, )<br> )<br>               Plaintiffs, )<br> )<br>   vs. )<br> )<br>United States of America, )<br> )<br>              Defendant. ) | Case No. 1:03-cv-02 |

## Order

Before the Court is the United States' Motion in Limine, challenging the Plaintiffs' proposed expert Professor David Saxowsky (doc. #62).  The Plaintiffs plan to call Professor Saxowsky to testify regarding their claimed economic and non-economic damages.  The United States argues the methodology used to analyze the Plaintiff's economic damages does not conform with Fed. R. Evid. 702 and <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579 (1993).  It also argues Professor Saxowsky is not qualified and has not done necessary investigation to testify as to the Plaintiff's non-economic damages.

Generally, this Court views motions in limine as a method of advising it of evidentiary issues that are likely to arise at trial.  For this reason, the Court usually denies the motions and allows the parties to renew their objections at trial.  This

1

procedure allows the Court to see how the evidence objected to fits within the facts as developed in the context of trial. Additionally, the Court avoids making premature evidentiary rulings on issues that may never materialize.  Upon review of the instant Motion in Limine, the Court finds no reason to depart from its usual procedure.  Accordingly, the United States' Motion in Limine is **DENIED**, but it may reassert its objections at trial. Notwithstanding the Court's denial of the Motion, the Court notes the following with respect to the issues presented.

Regarding economic damages, the Court is satisfied that the Daubert standard has been met sufficiently for a bench trial. Professor Saxowsky may testify regarding his analysis of the Plaintiffs' economic damages.  The United States is free to challenge his testimony on cross and argue its relevance or reliability.  Because this is a bench trial, the Court is in the superior position to give proper deference to the testimony and will ultimately determine the testimony's relevance after trial.

Regarding non-economic damages, the Court is uncertain of Professor Saxowsky's qualifications to testify.  The United States is free to argue its positions on the first day of trial and to raise its concerns again during trial.  If the Court does allow the testimony, it will give the proper deference to this evidence in light of its reliability and relevance.

**IT IS SO ORDERED**, dated this 9th day of April, 2007.



RODNEY S. WEBB  District Judge
United States District Court

2