```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NORTH DAKOTA
                    SOUTHWESTERN DIVISION
```

| | |
|---|---|
| Virgil Wilkinson, Charles )<br>Wilkinson, Alva Rose Hall, )<br>Wilbur D. Wilkinson, )<br>for themselves and as heirs of )<br>Ernest Wilkinson, Mollie )<br>Wilkinson, Harry Wilkinson, and )<br>Virginia Wilkinson, )<br>                                  )<br>              Plaintiffs,        )<br>                                  )<br>     vs.                          )<br>                                  )<br>United States of America,         )<br>                                  )<br>              Defendant.          ) | Case No. 1:03-cv-02 |

### Order

Before the Court is the Plaintiffs' (collectively "the Wilkinsons") Motion for Taxation of Disputed Costs (doc. #114) and Statement of Controverted Costs (doc. #116). The parties stipulate on all costs except the fees Professor Saxowsky has charged. The Wilkinsons argue they are entitled to be paid their expert witness fees as Rule 54(d) costs, citing <u>Nemmers v. City of Dubuque</u>, 764 F.2d 502 (8th Cir. 1985). The United States has responded, objecting to the Wilkinsons' motion and arguing <u>Nemmers</u> is no longer good law. The Court holds expert witness fees cannot be taxed as costs under Rule 54(d); the Wilkinsons' motion is **DENIED**.

Witness fees are generally controlled by 28 U.S.C. 1821, which allows for $40 per day for testifying and traveling to testify and for transportation and subsistence reimbursement.

However, in Nemmers, the Eighth Circuit held a prevailing party could recover expert witness fees as costs under Fed. R. Civ. P. 54(d) when the expert's testimony was crucial to the issues decided.  Nemmers, 764 F.2d at 506.  However, in Crawford Fitting Co. v. J. T. Gibbons, Inc., the United States Supreme Court concluded Rule 54(d) does not grant courts power to tax more than allowed under 28 U.S.C. § 1821.  482 U.S. 437, 442 (U.S. 1987). The Court held that when granting costs and fees in favor of the prevailing party, courts are bound by the witness fee limitations of § 1821, absent specific statutory authority to impose witness fees as costs.  Id. at 445.  Crawford Fitting effectively overruled Nemmers.  See Anderson v. Sullivan, No. 4:04-cv-052, 2007 WL 2288142, at *5 n.6. (D.N.D. Aug 07, 2007) (Miller, M.J.) (rejecting a Nemmers based argument).

Crawford Fitting is controlling in this case.  The Wilkinsons cannot be awarded more than allowed under 28 U.S.C. § 1821 for Professor Saxowsky's time.  Therefore, this Court holds the Wilkinsons are entitled to recover from the United States Professor Saxowsky's time at $40 per day plus travel and subsistence.  The Wilkinsons' motion for an award in excess of that provided for in 28 U.S.C. § 1821 is **DENIED**.

**IT IS SO ORDERED.**

Dated this 11th day of December, 2007.

*Rodney S. Webb*
RODNEY S. WEBB, District Judge
United States District Court