```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NORTH DAKOTA
                        SOUTHWESTERN DIVISION
```

| | |
|---|---|
| Virgil Wilkinson, Charles ) <br> Wilkinson, Alva Rose Hall, ) <br> Wilbur D. Wilkinson, ) <br> for themselves and as heirs of ) <br> Ernest Wilkinson, Mollie ) <br> Wilkinson, Harry Wilkinson, and ) <br> Virginia Wilkinson, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> United States of America, ) <br> ) <br> Defendant. ) | Case No. 1:03-cv-02 |

### Order Denying Attorney's Fees

The Plaintiffs (collectively "the Wilkinsons") have moved for $41,078.10 in attorney's fees (doc. #121). In its Memorandum Opinion and Order, the Court stated, "Each party is responsible for its own attorney's fees." (doc. #112, p.27). The Wilkinsons now seek attorney's fees under the Equal Access to Justice Act ("EAJA"). Because the Wilkinsons have not shown they are entitled to attorney's fees under a federal statute or the federal common law, they are not entitled to attorney's fees, and their motion is **DENIED**.

The EAJA provides for two avenues of imposing attorney's fees on the United States. 28 U.S.C. § 2412 (2007). The first, § 2412(b), grants the Court discretion to award attorney fees against the United States to the same extent as a private party would be liable under either statute or common law:

1

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

The second, § 2412(d)(1)(A), dictates attorney's fees shall be assessed against the United States when its position is not substantially justified, except in tort cases:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Generally, the United States is not liable for attorney's fees because of its sovereign immunity. Joe v. United States, 772 F.2d 1535, 1536 (11th Cir. 1985). Thus the issue becomes whether the Federal Tort Claims Act ("FTCA") or the EAJA has waived the United States' immunity and allows for fees under the facts of this case. Courts that have examined the EAJA and FTCA in attorney's fees disputes have varied widely in their analyses. See, e.g., Stive v. United States, 366 F.3d 520, 522 (7th Cir. 2004)(applying EAJA to FTCA but denying attorney's fees because the common law exception to the "American rule" was not met);

2

Tri-State Hosp. Supply Corp. v. United States, 341 F.3d 571, 581 (D.C. Cir. 2003)(allowing attorney's fees as damages in a malicious prosecution case); Havrum v. United States, 204 F.3d 815, 819 (8th Cir. 2000)(denying attorney's fees in a case assuming, without deciding, EAJA attorney's fees are available in FTCA cases where bad faith occurred before litigation); Anderson v. United States, 127 F.3d 1190, 1191-92 (9th Cir. 1997)(holding the FTCA did not waive the United States' sovereign immunity, but not applying the EAJA); Campbell v. United States, 835 F.2d 193, 196 (9th Cir. 1987) (holding the EAJA does not waive sovereign immunity for cases sounding in tort under 2412(d)(1)(A) but not applying 2412(b)); Joe, 772 F.2d at 1537 (denying attorney's fees under the 2412(b) because no federal statute allowed them, but not analyzing any common law exceptions); Lucarelli v. United States, 943 F. Supp. 157, 158 (D.P.R. 1996)(finding no common-law exceptions to FTCA case).

   The United States makes two bold statements: "§ 2412(b) is not a waiver of sovereign immunity."; and "EAJA does not waive sovereign immunity for an award of either attorneys fees or expert witness fees in an FTCA Action."  Both statements are overly broad.  The FTCA does not waive the United States' sovereign immunity.  Joe, 772 F.2d at 1537.  However, the EAJA is a very specific waiver of immunity for attorney's fees, giving the Court discretion to award fees to the same extent a private party would be liable under statute or common law.  28 U.S.C. § 2412(b); see also Stive, 366 F.3d at 521 (discussing the United

3

States' liability for attorney's fees under EAJA). Therefore, this Court must analyze whether any statute or common law exception to the "American rule," under which a party is responsible for its own attorney's fees, is present here.

The FTCA contains neither a grant nor a bar of attorney's fees, so it cannot be the authority to pin the United States with fees. <u>Anderson</u>, 127 F.3d 1191. However, several common law exceptions exist to the American rule: the "common benefit" or "common fund" exception, an exception for disobeying a court order, and an exception for acting in bad faith. <u>Lucarelli</u>, 943 F. Supp. at 158 (citing <u>Chambers v. NASCO</u>, 501 U.S. 32, 44 (1991)). Importantly, the bad-faith-conduct exception is sanction that should be applied rarely. <u>Stive</u>, 366 F.3d at 521 (citing <u>Chambers v. NASCO</u>, 501 U.S. at 47). Furthermore, this exception has been analyzed when the United States has allegedly acted in bad faith during the litigation. <u>E.g.</u>, <u>Stive</u>, 366 F.3d at 521 (concluding no bad faith where United States merely defended against suit); <u>Lucarelli</u>, 943 F. Supp. at 158 (same). <u>But see</u> <u>Havrum v. United States</u>, 204 F.3d 815, 819 ("Assuming also that pre-litigation misconduct could support an attorney's fees award, we think that the district court was correct in refusing to award such fees because the government's bad-faith conduct did not prove to be a measurable impediment to the progress of Ms. Havrum's lawsuit.").

In the Wilkinsons' case, after the litigation began the United States, through two experienced Assistant United States

4

Attorneys, conducted itself in the utmost professional manner and has not disobeyed any Court order.  The United States vigorously defended against the Wilkinsons, raising unique and complex questions of Indian law.  While the Court ultimately determined the United States was in the wrong, it cannot sanction the United States for aggressively defending against the suit.  Regarding the conduct of the United States prior to litigation that is arguably bad-faith conduct, such as leasing the allotments away from the Wilkinsons and ignoring a BIA administrative opinion, the Court finds that conduct has been adequately accounted for in analyzing the United States' liability and the Wilkinsons' damages (doc. #112).  Thus, the common law exception needed under the EAJA has not been met here.  The Wilkinsons' Application for Fees and Other Expenses is **DENIED**.

    **IT IS SO ORDERED.**

    Dated this 8th day of February, 2008.

RODNEY S. WEBB  District Judge
United States District Court